BAY COUNTY EXECUTIVE v BAY COUNTY BOARD OF
COMMISSIONERS

Docket No. 65578. Submitted July 19, 1983, at Lansing.—Decided
October 12, 1983.

Plaintiff, Bay County Executive, Gary Majeske, brought an action
in the Bay Circuit Court against defendant Bay County Board
of Commissioners following a lengthy dispute between the
parties concerning the selection and control of civil counsel for
the county. Plaintiff entitled the action a complaint for manda-
mus, preliminary injunctive relief, and declaratory judgment.
Defendant filed a counterclaim requesting the trial court to
declare the rights and obligations of the parties in regard to
issues concerning the civil counsel employed by the parties. The
trial court, Norman A. Baguley, J., held in an order of manda-
mus (properly recaptioned as a declaratory judgment) which
was specifically made a final judgment for purposes of appeal
that the defendant had placed the civil law-legal adviser func-
tions of Bay County within a Department of Corporation Coun-
sel within the meaning of the optional unified form of county
government act and, therefore, ordered that the department be
under the control, supervision, and direction of the plaintiff.
The court retained jurisdiction over defendant's counterclaim
and issues relating to compensation of the counsel of both
parties. Defendant appeals. *Held:*

1. The trial court's ruling, while improperly characterized as
"mandamus" rather than as a declaratory judgment, was cor-
rect. Declaratory judgment may be granted where an actual
controversy exists, even if another remedy also exists. This case
clearly involved an actual controversy.

2. The trial court correctly found that the defendant had

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Declaratory Judgments §§ 10, 11.
   Supreme Court's view as to what is a "case or controversy" within
   the meaning of Article III of the Federal Constitution or an
   "actual controversy" within the meaning of the Declaratory
   Judgment Act (28 USCS § 2201). 40 L Ed 2d 783.

[2, 3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
   Political Subdivisions § 219.

chosen to adopt a Department of Corporation Counsel and that, therefore, by the terms of the optional unified form of county government act, the department automatically came under the control of the plaintiff county executive.

3. Since defendant admitted that attorney Hutchins had been employed as a budgeted, salaried county employee whose duties were to act as civil counsel for all county employees, there can be no doubt that his position was not merely to serve as attorney for the defendant board of commissioners.

4. The trial court correctly determined the central issue to be the status of the corporation counsel and properly limited its ruling to that narrow issue.

Affirmed.

1. DECLARATORY JUDGMENTS — ACTUAL CONTROVERSY — COURT RULES.

A declaratory judgment may be granted where an actual controversy exists, even if another remedy also exists (GCR 1963, 521.3).

2. COUNTIES — OPTIONAL UNIFED FORM OF COUNTY GOVERNMENT ACT — DEPARTMENT OF CORPORATION COUNSEL — COUNTY EXECUTIVE.

The optional unified form of county government act provides that in a county where the electorate has adopted "alternative B", an elected county executive, and where the county board of commissioners chooses to adopt a Department of Corporation Counsel, that department automatically comes under the control of the county executive (MCL 45.552[1][b], 45.554, 45.563; MSA 5.302[52][1][b], 5.302[54], 5.302[63]).

3. COUNTIES — OPTIONAL UNIFIED FORM OF COUNTY GOVERNMENT ACT — DEPARTMENT OF CORPORATION COUNSEL.

A county which has adopted the optional unified form of county government and which elects to have civil counsel other than the prosecuting attorney represent it must set up the Department of Corporation Counsel under the same governmental structures that exist for all other county departments (MCL 45.556, 45.558, 45.560; MSA 5.302[56], 5.302[58], 5.302[60]).

*Dwan & Schmidt, P.C.* (by *Kenneth W. Schmidt),* for plaintiff, cross-defendant.

*Smith & Brooker, P.C.* (by *Glenn F. Doyle* and

*Mona C. Doyle),* and *George B. Mullison,* of counsel, for defendant, cross-plaintiff.

Before: BEASLEY, P.J., and ALLEN and G. R. DENEWETH,* JJ.

BEASLEY, P.J. Defendant and cross-plaintiff, Bay County Board of Commissioners, appeals as of right from a Bay County Circuit Court order of mandamus which was specifically made a final judgment for purposes of appeal. In the order, the trial court concluded that the defendant had placed the civil law-legal adviser functions of Bay County within a Department of Corporation Counsel within the meaning of MCL 45.563(e); MSA 5.302(63)(e) and, therefore, ordered that the department be under the control, supervision, and direction of the plaintiff.

Plaintiff's complaint for mandamus, preliminary injunctive relief, and declaratory judgment was filed after plaintiff and defendant were unable to resolve a political impasse over which entity of Bay County government should select and control civil counsel for the county.

In January, 1979, the Bay County electorate adopted the "optional unified form of county government", described in MCL 45.551 *et seq.;* MSA 5.302(51) *et seq.,* including "alternative B", an elected county executive.

Prior to this, in June of 1975, private legal counsel had been appointed by defendant board of commissioners on a part-time basis to represent the county in civil matters. In 1976, plaintiff, Gary Majeske, (then a commissioner) proposed that full-time legal counsel be hired. In 1976, the board voted to continue their then current part-time

* Circuit judge, sitting on the Court of Appeals by assignment.

counsel with regular office hours in the County Building. One year later, the board advertised for full-time counsel, and then appointed Henry Sefcovic full-time Bay County Civil Counsel in 1978.

In January, 1979, under the newly adopted "alternative B", plaintiff Gary Majeske was elected Bay County Executive. In February, 1979, the board resolved that Sefcovic, the civil counsel, "will work for and be equally responsible to the Bay County Board of Commissioners and the Bay County Executive on all legal matters".[1] In March, 1979, the board resolved that the county executive must obtain the board's approval prior to instituting any lawsuit.[2]

Plaintiff proposed a reorganization plan for the county government which established five departments, including a "Department of Corporation Counsel". This plan was approved by defendant board of commissioners.[3] Sefcovic was appointed by plaintiff to head this department, and the board of commissioners approved the appointment, for a six-month probationary period beginning in April, 1979. When the county government was reorganized again in December, 1979, no mention was made of Sefcovic's position, although both parties agree that he continued to be employed by Bay County, either as "civil counsel" [defendant], or as "county attorney" [plaintiff].

Sefcovic resigned in April, 1980, and Herbert Hutchins was engaged as a temporary replacement. The county executive's Personnel Committee reviewed applications for the permanent posi-

[1] Bay County Board of Commissioners Resolution No. 79017 (February 13, 1979).

[2] Bay County Board of Commissioners Resolution No. 79069 (March 28, 1979).

[3] Bay County Board of Commissioners Resolution No. 79074 (April 10, 1979).

tion and, on their recommendation, Hutchins was approved by the board for the position of "Bay County Attorney".[4]

Soon after Hutchins was hired, when a dispute arose over county payroll check distribution, plaintiff sought Hutchins' legal opinion, but apparently rejected it. Subsequently, plaintiff retained David Skinner (plaintiff's trial attorney) and followed advice contrary to that earlier given by Hutchins. When a lawsuit was filed against plaintiff and defendant by the circuit and probate courts and the prosecutor's office arising out of a dispute concerning the 1982 county budget, plaintiff was represented by Skinner and defendant by Hutchins. Apparently in response to this situation, defendant appended stipulations to the county budget act resolution for 1982 concerning the county attorney/civil counsel's role, including one that "civil counsel shall serve at the pleasure of the Board of Commissioners".[5]

On February 9, 1982, defendant adopted a resolution providing in part that, pursuant to MCL 49.71; MSA 5.824, the board of commissioners:

"Shall employ an attorney to represent [certain elected county officials, including plaintiff] in civil matters, as a defendant, when neither the prosecuting attorney or county corporation counsel is able to represent the particular officer * * *."[6]

Plaintiff responded by filing this lawsuit one month later, alleging that the county executive required counsel independent of "the influences of

[4] Bay County Board of Commissioners Resolution No. 80350 (October 14, 1980).

[5] Bay County Board of Commissioners Resolution No. 81373 (December 21, 1981).

[6] Bay County Board of Commissioners Resolution No. 82015 (February 9, 1982).

the other branches of government"; that, under the optional unified form of county government, any Department of Corporation Counsel must be subject to plaintiff's authority and could not be established under the "legislative branch of government" (defendant); and that defendant had attempted and continued to attempt to "thwart the County Executive in its attempts to carry out executive responsibilities" by refusing to provide plaintiff with "necessary legal counsel" or "necessary funding" for such civil counsel. Plaintiff requested the trial court to, among other things:

"A. Issue an order of mandamus against the defendant commission directing it to appropriate, provide or make available funds to permit the plaintiff to carry out its constitutionally mandated and statutory responsibilities and to insure plaintiff's continued existence as part of a co-equal, independent branch of government.

"B. Order the defendant Bay County Board of Commissioners to pay plaintiff's counsel for services rendered and expenses incurred in connection with this litigation. * * *

"F. Enter a judgment declaring the rights and other legal relations of the plaintiff and defendant, and such other declaratory relief as is required by law."

Plaintiff, Gary Majeske, next circulated a memorandum throughout county government offices informing county employees that all legal questions should be directed to the county executive's office for referral to outside counsel.

The board of commissioners responded by adopting a policy statement that directed county employees to submit any requests for legal assistance to the civil counsel (Hutchins) first. Hutchins was to handle the case himself or, if he could not, refer it to the prosecuting attorney. If the prosecuting attorney determined his office could not properly

defend the action, he was to inform the board, which would then hire outside counsel. Retention of outside counsel in any other manner was unauthorized and compensation would not be approved.[7]

Plaintiff vetoed this resolution on March 29, 1982. In April, the board of commissioners responded by filing an answer to plaintiff's complaint and a counterclaim.

In its counterclaim, defendant requested the trial court to declare the rights and obligations of the parties in regard to 12 issues. These issues concerned the board's rights under the unified form of county government to continue to employ civil counsel under the board's control,[8] the obligation of defendant to pay for legal services performed by Skinner for plaintiff county executive, and the right of plaintiff and his counsel to represent and bind defendant in any legal action.

After hearing oral argument and reviewing the briefs, the trial court granted mandamus, stating that as the defendant had placed the power and responsibility to represent the county with respect to civil law matters within a Department of Corporation Counsel, the department was under the control, supervision, and direction of plaintiff, the Bay County Executive.

On appeal, defendant contends that the trial court incorrectly issued mandamus, incorrectly ruled that a Department of Corporation Counsel existed in Bay County, and improperly failed to address defendant's counterclaim.

We believe that the trial court's ruling, while improperly characterized as "mandamus" rather than as a declaratory judgment, is correct. Declar-

[7] Bay County Board of Commissioners Resolution No. 82075 (March 23, 1982).

[8] See MCL 49.71 *et seq.;* MSA 5.824 *et seq.*

atory judgment may be granted under GCR 1963, 521.3, where an actual controversy exists, even if another remedy also exists.[9] Clearly, this case involved an actual controversy because county employees were receiving contrary orders as to which counsel's advice should be sought on all civil legal questions. Plaintiff and defendant were also unable to agree on which of their attorneys had authority to enter into binding agreements on behalf of the county.

Defendant argues that Hutchins was employed as "county corporation counsel" or "county attorney", to "provide representation to all county officials in civil matters as required by law", and to "serve at the pleasure of the Board of Commissioners", pursuant to MCL 49.71; MSA 5.824, rather than pursuant to MCL 45.563(e); MSA 5.302(63)(e). By employing Hutchins under the former statute, defendant argues that the position of county attorney remained under the authority of the board and did not become a department subject to plaintiff's control and supervision.

Review of these statutes in question leads us to conclude that the trial court interpreted them correctly.[10] The trial court found that defendant had chosen to adopt a Department of Corporation Counsel and that, therefore, by the terms of the optional unified form of county government act, the department automatically came under the control of plaintiff, the Bay County Executive.

MCL 45.554; MSA 5.302(54) provides that when the optional unified form of county government becomes effective, the powers vested in an abolished department become general government

[9] *Shavers v Attorney General,* 402 Mich 554, 588-589; 267 NW2d 72 (1978).

[10] MCL 49.153, 49.71, 49.72; MSA 5.751, 5.824, 5.825.

powers and are administered by the county executive in the manner determined by the county board of commissioners.

MCL 45.563; MSA 5.302(63) provides that the unified county government shall have all the functions, except where otherwise allocated by this act, performed by one or more departments of a county or by the remaining boards, commissions, or authorities.

The statutes clearly establish that the office of civil county counsel is one of the appointed boards, commissions, authorities, departments, or elected officials abolished by MCL 45.554; MSA 5.302(54).[11] If it is to exist, then it must be as a function performed by "1 or more departments of the county".[12] The function need not be performed, as is made clear by MCL 45.562(1)(d); MSA 5.302(62)(1)(d), and the county may continue to have its civil legal work performed by the prosecuting attorney. However, if the county elects to have civil counsel other than the prosecuting attorney, the county must set up the department under the same governmental structures that exist for all other county departments.[13]

Since defendant admitted that Hutchins had been employed as a budgeted, salaried county employee whose duties were to act as civil counsel for all county employees, there can be no doubt that his position was not merely to serve as attorney for the board of commissioners. The trial court correctly held that a Department of Corporation Counsel had been adopted and that the department came under plaintiff's supervision and control.

---

[11] MCL 45.554, 45.563, 45.562; MSA 5.302(54), 5.302(63), 5.302(62).

[12] MCL 45.563; MSA 5.302(63).

[13] MCL 45.556, 45.558, 45.560; MSA 5.302(56), 5.302(58), 5.302(60).

Defendant's final argument on appeal is that mandamus was improperly ordered by the trial court because fundamental issues remained to be resolved. The trial court declined to address these issues at the mandamus hearing or in the mandamus order (declaratory judgment) because it felt the central issue of Hutchins's status would determine many of the issues and because, given that decision, the parties might find new means of resolving their former conflicts. This possibility was recognized by the parties as well as the court. The court specifically stated in its order, however, that it was retaining jurisdiction to address the issues in defendant's counterclaim and also the issue of compensation for both plaintiff and defendant's "outside" counsel, should the need arise.

We believe that the trial court correctly determined the central issue to be the status of the corporation counsel and properly limited its ruling to that narrow issue. That question was essentially one of statutory interpretation. The trial court correctly determined that because Bay County had chosen to adopt a Department of Corporation Counsel, by the terms of the optional unified form of county government act, that department automatically came under the control of the county executive.

The order of the Bay County Circuit Court, properly recaptioned as a declaratory judgment, is affirmed.