BAY COUNTY EXECUTIVE v BAY COUNTY BOARD OF
COMMISSIONERS

Docket No. 101322. Submitted November 1, 1988, at Grand Rapids.
Decided February 8, 1989. Leave to appeal applied for.

The Bay County electorate adopted an optional unified form of
county government with an elected county executive, as per-
mitted in the act relating thereto. Plaintiff, Gary Majeske, was
elected county executive. Pursuant to the optional unified form
of county government act, the Bay County Board of Commis-
sioners became the governing body of the county. The board
passed a resolution, pursuant to the act, establishing the De-
partment of Corporation Counsel to provide for the county's
civil law functions. That department was subject to plaintiff's
authority. Following a dispute between plaintiff and the board
over the control of the Department of Corporation Counsel, the
Bay Circuit Court held that the department came under the
control of the plaintiff. The board appealed and the Court of
Appeals affirmed. *Bay Co Executive v Bay Co Bd of Comm'rs,*
129 Mich App 707 (1983). In the meantime, the board passed a
resolution purporting to eliminate the Department of Corpora-
tion Counsel and to place the county's civil legal functions back
within the county's prosecuting attorney's office. Plaintiff then
filed the present lawsuit in the Bay Circuit Court against the
board and the Bay County Prosecuting Attorney seeking relief
in the form of a declaratory judgment, a writ of mandamus and
a preliminary injunction. The circuit court, Paul N. Doner, J.,
dismissed plaintiff's complaint, holding that the board had the
authority under MCL 49.71; MSA 5.824, the county civil coun-
sel act, to eliminate the Department of Corporation Counsel
without the necessity of complying with the procedures for
transferring functions of a county department set forth in the
optional unified form of county government act. Plaintiff ap-
pealed.

The Court of Appeals *held:*

REFERENCES

Am Jur 2d, Costs §§ 72 *et seq.*; Municipal Corporations, Counties,
and Other Political Subdivisions §§ 219 *et seq.*; Statutes §§ 187,
188.

See the Index to Annotations under Attorneys' Fees; Counties;
Statutes.

1. The board had no authority under the county civil counsel act to eliminate the Department of Corporation Counsel which was created in accordance with the optional unified form of county government act. Once the department was created, the board was constrained to act in accordance with the terms of the act under which the department was created and, therefore, no longer had the ability under MCL 49.71; MSA 5.824 to eliminate the department or to employ outside counsel.

2. The plaintiff is not entitled to an award of attorney fees incurred on appeal.

Reversed.

1. COUNTIES — DEPARTMENT OF CORPORATION COUNSEL — OPTIONAL UNIFIED FORM OF COUNTY GOVERNMENT ACT.

A county board of commissioners which desires to limit, reduce, transfer or consolidate the statutorily instituted functions of the county's Department of Corporation Counsel must do so in accordance with the terms of the optional unified form of county government act after an optional unified form of county government has been adopted and a Department of Corporation Counsel has been established pursuant to the act (MCL 45.551 et seq.; MSA 5.302[51] et seq.).

2. STATUTES — JUDICIAL CONSTRUCTION — IN PARI MATERIA.

Statutes relating to the same subject but enacted at different times must be construed to preserve the intent of each and, if possible, to ensure that the effectiveness of one does not negate the effectiveness of the other.

3. APPEAL — ATTORNEY FEES.

No explicit authority requires an award of actual attorney fees for services on appeal.

*Riecker, George, Van Dam & Camp, P.C.* (by *Philip Van Dam*), for plaintiff.

*George B. Mullison,* Bay County Prosecuting Attorney, for defendants.

Before: WAHLS, P.J., and MCDONALD and R. I. COOPER,* JJ.

PER CURIAM. Plaintiff, Bay County Executive

* Circuit judge, sitting on the Court of Appeals by assignment.

Gary Majeske, appeals as of right from an order of the Bay Circuit Court dismissing a complaint seeking relief in the form of a declaratory judgment, a writ of mandamus and a preliminary injunction against defendants, Bay County Board of Commissioners and Bay County Prosecuting Attorney George Mullison. We reverse the order of dismissal issued by the circuit court and hold that the Bay County Board of Commissioners had no authority under the county civil counsel act, 1941 PA 15, MCL 49.71 *et seq.;* MSA 5.824 *et seq.,* to eliminate the Bay County Department of Corporation Counsel, which had earlier been created in accordance with the optional unified form of county government act, 1973 PA 139, MCL 45.551 *et seq.;* MSA 5.302 (51) *et seq.*

The record reveals that in 1979 the Bay County electorate adopted an optional unified form of county government with a county executive, as permitted in the optional unified form of county government act. Pursuant to MCL 45.554(1), 45.555, 45.556; MSA 5.302(54)(1), 5.302(55), 5.302(56), on the date that the unified form of county government became effective many preexisting boards and departments were abolished and the Bay County Board of Commissioners (the board) became the governing body of the county with statutorily specified powers. In accordance with MCL 45.559; MSA 5.302(59), plaintiff, Gary Majeske, was elected county executive. Pursuant to MCL 45.563; MSA 5.302(63), the board passed a resolution establishing various departments to perform specific county functions, including the Department of Corporation Counsel. The function of this department was to "perform as provided by law all civil law functions and provide property acquisition services for the county as provided by law." MCL 45.563(e); MSA 5.302(63)(e). As were all

of the newly created departments, the Department of Corporation Counsel was subject to the authority of the elected county executive.

Sometime in 1980 or 1981 a dispute arose in Bay County concerning the distribution of county payroll checks. The county executive sought the advice of the corporation counsel, but apparently rejected that advice and retained outside counsel. Thus, when the county's circuit and probate courts and prosecutor's office filed a lawsuit against the board and the county executive regarding the 1982 county budget, the board and the county executive had separate counsel. In response to this situation, the board appended a stipulation to the county budget act resolution for 1982 stating that "civil counsel shall serve at the pleasure of the Board of Commissioners" and adopted a resolution providing that, pursuant to § 71 of the county civil counsel act, 1941 PA 15, MCL 49.71; MSA 5.824, the board "[s]hall employ an attorney to represent [certain elected county officials, including the county executive] in civil matters, as a defendant, when neither the prosecuting attorney or [sic] county corporation counsel is able to represent the particular officer." This prompted the county executive to file suit against the board requesting relief in the form of a declaratory judgment, a writ of mandamus and a preliminary injunction. The county executive maintained that he controlled the Department of Corporation Counsel and that the board had attempted, without authority, to thwart his efforts to exercise that control. This Court, affirming the ruling of the Bay Circuit Court, held that "[t]he trial court correctly determined that because Bay County had chosen to adopt a Department of Corporation Counsel, by the terms of the optional unified form of county government act, that department automatically

came under the control of the county executive."
*Bay Co Executive v Bay Co Bd of Comm'rs,* 129
Mich App 707, 716; 342 NW2d 96 (1983).

In August, 1982, while the appeal from the
ruling of the Bay Circuit Court was pending before
this Court, the board passed a resolution purport-
ing to eliminate the Department of Corporation
Counsel and "to place the County civil legal func-
tions back into the Prosecutor's office." After this
Court affirmed the ruling of the Bay Circuit Court
in an opinion issued in October, 1983, the county
executive, in December, 1983, filed the present
lawsuit in the Bay Circuit Court. Among the con-
clusions of the circuit court in the present lawsuit
on issues presented by way of stipulation of the
parties was the holding that the board had the
authority, under MCL 49.71, 49.153; MSA 5.824,
5.751, to eliminate the Department of Corporation
Counsel without the necessity of complying with
the procedures set forth in MCL 45.564; MSA
5.302(64). In essence, the circuit court found that
the ability of the board to employ an attorney to
represent the county in civil matters as provided
in § 1 of the county civil counsel act supersedes
the necessity of the board to comply with proce-
dures for transferring functions of a county de-
partment as required in § 14 of the optional uni-
fied form of county government act. In part, the
circuit court held:

> [The board] did have the right to eliminate the
> Department of Corporation Counsel by returning
> the function to the prosecutor under the discretion
> granted them [sic] in MCLA 49.71. With respect to
> this department only, they [sic] did not have to
> comply with MCLA 45.564 because another statute
> superseded.

We disagree.

The language of the statutory provisions most relevant to the matter now at issue appears below.

The prosecuting attorneys shall, in their respective counties, appear for the state or county, and prosecute or defend in all the courts of the county, all prosecutions, suits, applications and motions, whether civil or criminal, in which the state or county may be a party or interested. [MCL 49.153; MSA 5.751.]

The board of supervisors of any county by a majority vote of the members-elect may employ an attorney to represent the county in civil matters, whenever the board determines that the prosecuting attorney is unable to properly represent the county. Such attorney shall receive such compensation as shall be determined by the board of supervisors. [MCL 49.71; MSA 5.824.]

An optional unified form of county government shall have all functions, except when otherwise allocated by this act, performed by 1 or more departments of the county or by the remaining boards, commissions, or authorities. Each department shall be headed by a director. Subject to the authority of the county manager or elected county executive the following departments and their respective directors may be established and designated to be responsible for performance of the functions enumerated:

* * *

(e) The department of corporation counsel if adopted shall perform as provided by law all civil law functions and provide property acquisition services for the county as provided by law. [MCL 45.563; MSA 5.302(63).]

Except as to a department headed by elected county officials or the board of county road commissioners, the board of county commissioners may:

(a) Upon a majority vote and the affirmative recommendation of the county manager or elected county executive, and following a public hearing, the board may consolidate departments completely or in part, or may transfer a function from 1 department to another; or the board may, upon the affirmative vote of ⅔ of its members and following a public hearing, consolidate departments completely or in part, or may transfer a function from 1 department to another.

(b) Create additional departments.

(c) Require the county manager or elected county executive to serve as director of a department. [MCL 45.564; MSA 5.302(64).]

The first two of these statutes derive from the prosecuting attorney act, 1846 RS 14, and the county civil counsel act, 1941 PA 15, respectively, while the second two derive from the more recently enacted optional unified form of county government act, 1973 PA 139.

A reading of the first two statutes makes clear that, normally, a county's prosecuting attorney is obligated to represent the county in all civil legal matters unless the county's board of commissioners determines that the prosecuting attorney is unable to properly represent the county. A reading of the second two statutes, in the context of the optional unified form of county government act, makes clear that if a county has adopted an optional unified form of government superseding its existing form of government, a Department of Corporation Counsel may be established. If such a department is established, it is obligated to perform all civil law functions for the county. We note, moreover, that if a Department of Corporation Counsel is not established, the county's prosecuting attorney is obligated to continue to represent the county in all civil matters, subject to the exception provided in MCL 49.71; MSA 5.824,

permitting the board of commissioners to retain outside counsel upon determining that the prosecuting attorney is unable to properly represent the county. Finally, we observe that, while the optional unified form of county government act does not specifically empower a county board of commissioners to eliminate a department once it has been created, a board is authorized, after compliance with certain procedures, to consolidate departments completely or in part, or to transfer a function from one department to another. A board may perform such consolidations or transfers either after having obtained the affirmative vote of two-thirds of its members following a public meeting or after having obtained the affirmative vote of a majority of its members following a public meeting, accompanied by a recommendation of the county executive.

In the present case, the board created five departments, including a Department of Corporation Counsel, after the county adopted an optional unified form of county government. In 1982, when the board passed its resolution purporting to eliminate the Department of Corporation Counsel and directing that all of the county's civil law matters be handled by the county's prosecuting attorney, the procedures set forth in the optional unified form of county government act for consolidating departments or transferring functions among departments were not followed. As already noted, the circuit court in this case agreed with the board that such procedures need not have been followed because the board was able to eliminate the Department of Corporation Counsel under the authority of MCL 49.71; MSA 5.824.

It is well recognized that statutes in pari materia, i.e., statutes relating to the same subject but enacted at different times, must be construed to

preserve the intent of each and, if possible, to ensure that the effectiveness of one does not negate the effectiveness of the other. *Gooden v Transamerica Ins Corp of America,* 166 Mich App 793, 804; 420 NW2d 877 (1988). Such a construction of the statutes in this case is possible. We find that the circuit court erred in concluding that the board could eliminate the Department of Corporation Counsel, thus returning the function of representing the county in civil law matters to the county's prosecuting attorney under the authority of MCL 49.71; MSA 5.824, and that compliance by the board with the procedures set forth in MCL 45.564; MSA 5.302(64) was not required in this case.

The optional unified form of county government act provides a scheme for organizing a new order of county government. A Department of Corporation Counsel may, but need not, be created for the performance of the county's civil law functions. If such a department is created, it must be structured and treated like any other department. *Bay Co, supra,* p 715. If it is not created, the county board of commissioners may continue to have the prosecuting attorney handle the county's civil matters, or may, in appropriate circumstances, employ outside counsel. MCL 49.71; MSA 5.824. The "if adopted" language contained in MCL 45.563(e); MSA 5.302(63)(e) refers to adoption of a department under the original [or subsequent, see MCL 45.564(b); MSA 5.302(64)(b)] reorganization plan and acknowledges that a county may prefer not to adopt a Department of Corporation Counsel but instead choose to continue to have the county's prosecuting attorney or, in appropriate circumstances, outside counsel handle the county's civil law matters.

In this case, the board passed a resolution creat-

ing a Department of Corporation Counsel within the county's unified form of government. That department, adopted under the optional unified form of county government act, was entitled to the protections of that act. Pursuant to MCL 45.563; MSA 5.302(63), the department was subject to the authority of the county executive and could have been consolidated completely or in part with another department or have had its function transferred to another department only if the procedures set forth in MCL 45.564; MSA 5.302(64) were followed by the board. Once the department was created, the board was constrained to act in accordance with the terms of the act under which the department was created and, therefore, no longer had the ability under MCL 49.71; MSA 5.824 to eliminate the department or to employ outside counsel. Thus, the statutes under examination do not conflict but, rather, are applicable in different circumstances. If, after an optional unified form of county government has been adopted and a Department of Corporation Counsel has been established, a board of commissioners desires to limit, reduce, transfer or consolidate the department's statutorily instituted functions, it must do so in accordance with the terms of the optional unified form of county government act. A new form of county government having been chosen under the optional unified form of county government act, the county board of commissioners was obligated to abide by the terms of the act under which the new form of county government was instituted. To hold otherwise would constitute a judicial encroachment in an area well defined by legislative design by enlarging the statutorily prescribed powers of boards of county commissioners in counties which have adopted an optional unified form of government. This we are unwilling to do. As noted

long ago by Francis Bacon in *Of Judicature:* "Judges ought to remember that their office is *jus dicere,* and not *jus dare;* to interpret law, and not to make law, or give law."

The two remaining issues raised on appeal by the county executive are not properly before us for review. The first of these issues, stated in the county executive's appellate brief as "[w]hat is the scope of the responsibilities of the Department of Corporation Counsel?" was never actually decided by the circuit court, the latter finding this issue moot in light of its ruling that the board acted properly in eliminating the Department of Corporation Counsel under the authority of MCL 49.71; MSA 5.824. Our review is limited to issues actually decided by the trial court. *Michigan Mutual Ins Co v American Community Mutual Ins Co,* 165 Mich App 269, 277; 418 NW2d 455 (1987). Moreover, the second of these remaining issues, stated in the county executive's appellate brief as "[d]id [the optional unified form of county government act] establish an executive branch of county government?" is also not properly before us for review. First, the issue is moot in light of our resolution of the first issue raised on appeal, i.e., in light of our finding that the board was not empowered to eliminate the Department of Corporation Counsel without following the procedures applicable to such action set forth in the optional unified form of county government act. Second, the county executive himself, in his appellate brief, concedes that this issue is "not central to the instant dispute." Finally, even if, for the sake of argument, we grant that the act is authority for the establishment of an executive branch of county government—a proposition which seems dubious indeed—the question still remains whether such an executive branch would have the inherent power, under

the circumstances presented in this case, to retain its own legal counsel. This question was specifically eschewed by the circuit court. In its written opinion in this case, the circuit judge stated:

> I am not sure whether a county executive branch, if it existed, would carry inherent powers —cases seem to indicate no—but I have not researched the issue sufficiently to make a finding. Finally, whether or not an executive branch is part of county government, and whether or not that branch has inherent powers, this line of reasoning does not mandate that [the county executive] have his own civil counsel.

In closing, we note that the county executive ends his appellate brief with a "request for legal fees." It seems that the request is for legal fees incurred in this appeal rather than in the lower court since the circuit court has already declared the county executive entitled to have "his attorney fees and costs . . . borne by the County"—a declaration which has not been challenged on appeal. No explicit authority requires an award of actual attorney fees for services on appeal. *Temborius v Slatkin,* 157 Mich App 587, 604; 403 NW2d 821 (1986). Because the county executive has already been declared entitled to attorney fees and costs incurred at the trial level and because the major issue raised on appeal concerns the construction of statutory provisions which hitherto have not been the object of judicial clarification, we are not inclined in this case to find the county executive entitled to attorney fees incurred on appeal.

The order of the circuit court dismissing the county executive's complaint is reversed and the case is remanded for further proceedings. We do not retain jurisdiction. Costs to the county executive.

Reversed and remanded.